UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
BRIAN D. FEINER § Case No. 11-29743
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]       $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Joji Takada, Chapter 7 Trustee_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-29743 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | BRIAN D. FEINER | | | | Date Filed (f) or Converted (c): | 07/20/2011 (f) |
| | | | | | 341(a) Meeting Date: | 08/15/2011 |
| For Period Ending: | 01/28/2013 | | | | Claims Bar Date: | 01/23/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash | 5.00 | 0.00 | | 0.00 | FA |
| 2. Personal Checking Account with PrivateBank | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Household goods, furnishings, electronics | 1,070.00 | 0.00 | | 0.00 | FA |
| 4. Personal Clothing | 150.00 | 0.00 | | 0.00 | FA |
| 5. Life Insurance Policy | Unknown | Unknown | | 0.00 | FA |
| 6. 1000 Shares Common Stock B&K Transport Inc. | 0.00 | 0.00 | OA | 0.00 | FA |
| 7. 2004 Mercury Grand Marquis | 2,775.00 | 375.00 | | 0.00 | FA |
| 8. 2003 Mac CH613 Truck | 10,500.00 | 8,575.00 | | 5,000.00 | FA |
| 9. 2000 Dierzen Trailer | 5,000.00 | 1,273.33 | | 7,081.62 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $20,500.00     $10,223.33     $12,081.62     $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

08/15/11--Correspondence with C. Winans re: bank statements.
08/17/11--Correspondence with C. Winans re: title to tractor/trailer and loan documents.
09/06/11--$41000 in unsecured claims
09/23/11--Correspondence with A. Peraica re: turnover of tractor and trailer.
10/18/11--Correspondence with A. Peraica re: Debtor's offer for turnover.
10/27/11--Telephone conference with A. Peraica re: turnover of tractor and trailer and outstanding financial information.
10/31/11--Correspodence with C. Winans re: status of turnvover of trailer and payment for tractor.
110911--Debtor filed Motion to Dismiss case
111611--Filed Objection to Motion to Dismiss, Objection to Exemption, and Motion for Turnover of Property of the Estate
112311--DEADLINE TO OBJECT TO DISCHARGE EXTEND TO 022312
121611--Agreement reached re: Objection to Exemption and Motion for Turnover; Debtor to turnover trailer to liquidator.
081712--Hired accountant to estate.
092812--Abandoned interest in equity interest in Debtor's company.
121312--Draft TFR forwarded to UST.

Initial Projected Date of Final Report (TFR): 07/20/2013     Current Projected Date of Final Report (TFR): 07/20/2013

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**    Exhibit B

| Case No: | 11-29743 | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|
| Case Name: | BRIAN D. FEINER | Bank Name: | Congressional Bank |
| | | Account Number/CD#: | XXXXXX5932 |
| | | | Checking Account |
| Taxpayer ID No: | XX-XXX0381 | Blanket Bond (per case limit): | |
| For Period Ending: | 01/28/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/23/12 | 8 | B&K Transport | Proceeds from sale<br>Installment payment for tractor | 1129-000 | $1,500.00 | | $1,500.00 |
| 02/23/12 | 8 | Brian Feiner | Proceeds from sale<br>Progress payment for tractor | 1129-000 | $500.00 | | $2,000.00 |
| 03/13/12 | 8 | Brian Feiner | Proceeds from sale | 1129-000 | $500.00 | | $2,500.00 |
| 03/20/12 | 9 | American Auction Associates, Inc.<br>8515 S Thomas Ln,<br>Bridgeview, IL 60455 | Proceeds from sale<br>Auction of trailer | 1129-000 | $7,081.62 | | $9,581.62 |
| 04/11/12 | 8 | Brian Feiner | Proceeds from sale<br>Sale of tractor to Debtor | 1129-000 | $500.00 | | $10,081.62 |
| 05/07/12 | 8 | B&K Transport | Proceeds from sale<br>Sale of tractor | 1129-000 | $500.00 | | $10,581.62 |
| 06/28/12 | 8 | Brian Feiner | Proceeds from sale<br>Installment payment for tractor | 1129-000 | $500.00 | | $11,081.62 |
| 07/25/12 | 8 | Brian Feiner | Proceeds from sale<br>Tractor back to debtor | 1129-000 | $500.00 | | $11,581.62 |
| 08/22/12 | 8 | Brian Feiner | Proceeds from sale<br>Sale of tractor | 1129-000 | $500.00 | | $12,081.62 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $12,081.62 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $12,081.62 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $12,081.62 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

|  |  |  |
|---|---:|---:|
| Page Subtotals: | $12,081.62 | $0.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5932 - Checking Account | $12,081.62 | $0.00 | $12,081.62 |
| | $12,081.62 | $0.00 | $12,081.62 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $12,081.62 |
| Total Gross Receipts: | $12,081.62 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-29743-BWB  
Debtor Name: BRIAN D. FEINER  
Claims Bar Date: 1/23/2012  

Date: January 28, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,958.16 | $1,958.16 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $29.40 | $29.40 |
| 100 3410 | Callero and Callero LLP<br>7800 North Milwaukee Avenue<br>Niles, Illinois 60714<br>Attn: Ryan Matsui | Administrative | | $0.00 | $992.00 | $992.00 |
| 100 3420 | Callero and Callero LLP<br>7800 North Milwaukee Avenue<br>Niles, Illinois 60714<br>Attn: Ryan Matsui | Administrative | | $0.00 | $5.87 | $5.87 |
| 2 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $11,718.25 | $11,718.25 | $11,718.25 |
| 3 300 7100 | CHASE BANK USA N.A<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $3,416.00 | $15,098.10 | $15,098.10 |
| 5 300 7100 | Suburban Teamsters of Northern Illionis<br>c/o John J Toomey<br>Arnold & Kadjan<br>203 N LaSalle St Suite 1650<br>Chicago, IL 60601 | Unsecured | | $2,317.71 | $2,300.00 | $2,300.00 |
| 6 300 7100 | Elan Financial Services<br>PO Box 5229<br>Cincinnati, OH 45201 | Unsecured | | $22,234.91 | $21,239.17 | $21,239.17 |
| | Case Totals | | | $39,686.87 | $53,340.95 | $53,340.95 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                                                 Printed: January 28, 2013

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-29743
Case Name: BRIAN D. FEINER
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                                                 $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |
| Accountant for Trustee Fees: Callero and Callero LLP | $ | $ | $ |
| Accountant for Trustee Expenses: Callero and Callero LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses          $_____

Remaining Balance                                               $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | DISCOVER BANK | $ | $ | $ |
| 3 | CHASE BANK USA N.A | $ | $ | $ |
| 5 | Suburban Teamsters of Northern Illionis | $ | $ | $ |
| 6 | Elan Financial Services | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE